UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL GRIFFIN,

        Plaintiff,

Case No. 1:09-cv-929

Hon. Robert J. Jonker

v.

A. WRIGHT and
RICHARD B. STAPLETON,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner. This matter is now before the court on defendants' motion for summary judgment (docket no. 10).

**I.    Background**

**A.    Plaintiff's complaint**

Plaintiff's complaint names two defendants: Michigan Department of Corrections (MDOC) Office of Legal Affairs Administrator Richard Stapleton and State Office of Administrative Hearings and Rules (SOAHR) Administrative Law Examiner Avar-Laws Wright. Plaintiff sets forth the following allegations in his complaint. On February 19, 2009, a fight broke out at the Coldwater Correctional Facility [i.e., the Florence Crane Correctional Facility (ACF)] between inmate Haines and several other prisoners. Compl. at ¶ 6. After Haines was intercepted by correctional officers, he accused plaintiff of striking him with a cane and another prisoner, Shumate, as striking him with a chair. *Id.* at ¶ 11. Plaintiff was issued a major misconduct ticket and subsequently transferred to the administrative segregation building. *Id.* at ¶¶ 12 and 13. On

February 23, 2009, plaintiff submitted a statement of facts and a witness list to hearing investigator Landrum. *Id.* at ¶ 18. Plaintiff sought a statement from Officer Sherman, the corrections officer who was present when the incident began. *Id.* at ¶¶ 8 and 15. Officer Sherman could not place plaintiff at the fight and did not recall seeing plaintiff strike Haines with a cane. *Id.* at ¶ 15. Four prisoners, i.e., Calvin, Sanders, Kelly and Alexander, stated that plaintiff was on his bunk during the altercation between Haines and other prisoners. *Id.* at ¶ 16.

On February 27, 2009, plaintiff was taken from his segregation cell to attend the hearing on the misconduct ticket (assault and battery). *Id.* at ¶ 18. Examiner Wright conducted the hearing. *Id.* at ¶ 19. The investigative report consisted of statements from plaintiff and prisoners Sanders, Calvin and Kelly; and a statement from prisoner Haines that the facility requested to remain confidential for the good order and security of the facility. *Id.* at ¶ 20. Examiner Wright did not introduce the statements of Officer Sherman or prisoner Alexander. *Id.* at ¶ 21. At the conclusion of the hearing, Examiner Wright found plaintiff guilty of assault and battery based upon the greater weight of the evidence, sentencing plaintiff to 7 days top lock and 21 days loss of privilege. *Id.* at ¶¶ 23-25.

On March 1, 2009, plaintiff was transported to an "undisclosed facility," which he later identified as the Saginaw Correctional Facility (SRF). *Id.* at ¶¶ 27-29. Plaintiff remained at SRF for three days, and was then transferred to level IV housing at the Earnest C. Brooks Correctional Facility (LRF). *Id.* at ¶ 30. On March 21, 2009, Plaintiff appealed the decision to Mr. Stapleton raising three issues: two of his witness statements had not been presented at the hearing; there was no evidence supporting the charge of assault and battery; and the written disposition did

not explain the reason for the findings of guilt. *Id.* at ¶ 31. Mr. Stapleton denied the appeal. *Id.* at ¶ 32.

On May 10, 2009, plaintiff sought a judicial review of this decision in Michigan's 30th Judicial Circuit. *Id.* at ¶ 33. On August 28, 2009, Circuit Judge Paula Manderfield reversed the agency's decision because it was not based on competent, material and substantial evidence. *Id.* Plaintiff further alleged that although Circuit Judge Manderfield reversed the agency decision on *September* 28, 2009 [sic], the administration at plaintiff's correctional facility refused to downgrade the misconduct ticket which caused plaintiff's custody level to increase. *Id.* at ¶ 34.

Plaintiff asserts that defendants' actions in finding him guilty of a major misconduct constituted a due process violation because it deprived him of two liberty interests. First, due to his increased security level, plaintiff is precluded from seeing the parole board and no longer eligible for parole. *Id.* at ¶¶ 35-37. Second, plaintiff lost his institutional job at ACF. *Id.* at ¶ 38. For relief, plaintiff seeks injunctive relief consisting of: a return to his original security level of Level II; restoration of all rights and privileges; and expungement of the disciplinary conviction from his institutional record. *Id.* at p. 17. In addition, plaintiff seeks compensatory damages of $100,000.00 and punitive damages. *Id.* at pp. 17-18.

**B.     Subsequent events**

Plaintiff filed this action on October 8, 2009. *See* docket no. 1. At some point in time between August 28, 2009 and November 2, 2009 (the exact date is not apparent from defendants' brief), Judge Manderfield granted the MDOC's motion for rehearing and reconsideration of her decision and ordered the MDOC to provide the court with "copies of the confidential information relied upon by Hearing Officer in reaching his decision." *See* Opinion and Order Affirming Agency

Decision, No. 09-652-AA (30th Cir. Ct. Nov. 2, 2009) (Docket no. 11-3). After reviewing the confidential evidence, the court vacated the August 28, 2009 decision and affirmed the MDOC's decision on November 2, 2009. *Id.* In reaching her determination, Judge Manderfield specifically found that the hearing officer "did not violate Petitioner's [i.e., plaintiff's] Due Process rights." *Id.* at p. 4. Judge Manderfield further found that "the hearing officer's decision was supported by competent, material, and substantial evidence on the whole record." *Id.* at p. 6.

## II.     Defendants' Motion for Summary Judgment

### A.     Legal Standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for

4

> summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B. Plaintiff's complaint is barred

It is unnecessary for the court to address the arguments as set forth in defendants' brief, because plaintiff's complaint fails as a matter of law. The United States Supreme Court has held that claims for declaratory relief and monetary damages that necessarily imply the invalidity of the punishment imposed are not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). In *Edwards*, the Court relied upon its earlier decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original) (footnote omitted). *See Heck*, 512 U.S. at 486 ("[w]e think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of

5

outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution").

In reviewing this line of cases, the Supreme Court stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir.2007); *Bailey v. McCoy*, No. 98-1746, 1999 WL 777351 at *2 (6th Cir. Sept.21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges).

In *Thomas*, the Sixth Circuit explained the bar that *Heck* places on § 1983 suits brought by prisoners:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would necessarily invalidate a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison

6

procedures employed to deprive him of good-time credits when the alleged procedural defect would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648, 117 S.Ct. at 1584.

*Thomas*, 481 F.3d at 438 (emphasis in original).

In *Muhammad v. Close*, 540 U.S. 749, 754-55(2004), the Supreme Court clarified that the *Edwards* "favorable termination" requirement applied only in cases where the disciplinary proceeding affected the duration of the prisoner's underlying sentence. *See Thomas*, 481 F.3d at 439; *Johnson v. Coolman*, 102 Fed. Appx. 460, 461 (6th Cir.2004). In this regard, "[t]he effect of disciplinary proceedings on good-time credits is a matter of state law or regulation." *Muhammad*, 540 U.S. at 754. Under Michigan law, a prisoner loses good-time credits for the month of his major misconduct disciplinary conviction. *See* M.C.L. § 800.33(6). In addition, the warden may order forfeiture of previously accumulated good-time credits in such cases. *Id.* at § 800.33(8). Because plaintiff was convicted of a major misconduct, he was subject to the good-time credit reductions under M.C.L. § 800.33. *See, e.g., Payette v. Buckner*,2:09-cv-10, 2009 W L 962288 (W.D.Mich. April 8, 2009) (plaintiff prisoner's claim barred by *Heck*, where the § 1983 action arose from a major misconduct conviction which was not invalidated on appeal).

Accordingly, plaintiff's claims against defendants are not cognizable under § 1983 because a ruling on these claims would, if established, necessarily imply the invalidity of his disciplinary conviction, which in this case was affirmed by Michigan's 30th Circuit Court. *See Shavers v. Stapleton*, 102 Fed. Appx. 900, 901 (6th Cir.2004); *Payette*, (2009 WL 962288).[1]

---

[1] Furthermore, even if plaintiff's claim was not barred, defendants have judicial immunity. Michigan prison hearing officers, such as defendant Wright, are attorneys under the direction and supervision of a special hearing division in the MDOC, that are similar to administrative law judges and entitled to absolute judicial immunity in relation to actions within the officer's authority. *See Barber v. Overton*, 496 F.3d 449, 452 (6th Cir. 2007); *Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988) (noting that MDOC hearing officers are in the nature of administrative law judges); M.C.L. § 791.251-255. Similarly, defendant Stapleton, as

7

### III.     Recommendation

For the reasons set forth above, I respectfully recommend that defendants' motion for summary judgment (docket no. 10) be **GRANTED** and that this case be dismissed.


Dated:  August 4, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

the appellate reviewer of a the hearing officer's decision, was acting in a judicial capacity and should be entitled to the same absolute judicial immunity as the hearings officer who rendered the initial decision.  *Id.*