UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL GRIFFIN,

    Plaintiff,

CASE NO. 1:09-CV-929

v.

HON. ROBERT J. JONKER

A. WRIGHT, *et al.*,

    Defendants.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 20) and Plaintiff's Objections to it (docket # 21). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendant's motion for summary judgment (docket #10) be granted and that the case be dismissed. Plaintiff raises a number of

objections, but none of the objections undermine the conclusion of the Magistrate Judge. After a de novo review of the record, the Court orders that Defendant's motion for summary judgment be granted.

Plaintiff Randall Griffin's objections entirely miss the basis of the Magistrate Judge's Report and Recommendation. Namely, Plaintiff never addresses the Magistrate Judge's determination that Plaintiff's complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Magistrate Judge correctly concluded that Plaintiff cannot bring a § 1983 claim. *Id.* ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]"). Plaintiff's guilty verdict from the misconduct hearing still stands, so he may not pursue claims under § 1983. Although entirely unnecessary to address, the Magistrate Judge also rightly determined that Defendants are entitled to judicial immunity. *See Shelly v. Johnson*, 849 F.2d 228 (6th Cir. 1988). The Sixth Circuit distinguished hearing officers, such as Defendants, from "prison employees subordinate to the prison warden." *Id*. at 230. Thus, *Cleavinger v. Saxner*, 474 U.S. 193 (1985), does not apply here.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed August 4, 2010, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Mr. Wright (docket # 10) is **GRANTED**.

Dated:     September 17, 2010              /s/ Robert J. Jonker
                                           ROBERT J. JONKER
                                           UNITED STATES DISTRICT JUDGE